UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BENTLEY LABORATORIES LLC,                :

                Plaintiff,      :    14 Civ. 6306 (HBP)

  -against-                              :    OPINION
                                              AND ORDER
TPR HOLDINGS LLC,                        :

                Defendant.      :

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/17

       PITMAN, United States Magistrate Judge:

       I write to resolve plaintiff's application to recover the attorney's fees it incurred as a result of defendant's breach of the parties' settlement agreement. The parties have agreed to my exercising plenary jurisdiction over this matter pursuant to 28 U.S.C. § 636(c).

       This is an action by a seller for the purchase price of skin care products specially manufactured for defendant. The parties entered into a confidential settlement agreement in 2015 under which defendant agreed to make certain installment payments and plaintiff would make partial deliveries if the installment payments were made in accordance with the settlement agreement. Among other things, the agreement provided that: (1) "[t]imely and full payments" of the installments were a material consideration of the settlement agreement; (2) if a default with respect

to an installment payment was not cured within the time period permitted in the settlement agreement, all subsequent payments would be accelerated and become immediately due and (3) if there was an uncured default, defendant would pay plaintiff "all reasonable attorneys' fees and costs which [plaintiff] may incur in an effort to collect the balance owed" under the settlement agreement. The parties also stipulated that the Court would retain jurisdiction for the purposes of enforcing the settlement agreement.

There is no dispute that defendant failed to make full payment of the $75,000 installment due on September 1, 2015. Plaintiff agreed to extend defendant's time to make this payment until September 25, 2015. Although defendant made a number of partial payments up to September 25, it was unable to make the full $75,000 payment by that date, and plaintiff declared a default and accelerated the remaining payments. Among other things, plaintiff moved on December 16, 2015 for the entry of a judgment against defendant for the full amount of the then outstanding amounts due under the settlement agreement and attorney's fees.

I held oral argument on the motion on March 22, 2016 and concluded that defendant had breached the settlement agreement by not completing payment of the September 2015 installment

by September 25, 2015. Happily, defendant was able pay all amounts due under the settlement agreement (other than attorney's fees) promptly after the March 22 conference, and it was not necessary to enter judgment against defendant for the principal amount due (see Order dated Mar. 28, 2016 (Docket Item ("D.I.") 35). Thus, the only issue remaining in the case is plaintiff's application for the attorney's fees it incurred as a result of defendant's breach of the settlement agreement.

The reasonableness of an award of attorney's fees is committed to the discretion of the court. Melgadejo v. S & D Fruits & Vegetables Inc., 12 Civ. 6852 (RA)(HBP), 2015WL 10353140 at *23 (S.D.N.Y. Oct. 23, 2015) (Pitman, M.J.) (Report & Recommendation), adopted by, 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016) (Abrams, D.J.). The party seeking fees bears the burden of establishing that the hourly rates and the number of hours for which compensation is sought are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); accord Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994).

In determining the amount of reasonable attorney's fees, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case --

3

creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011), quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 522 F.3d at 184. This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "[C]ourts should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 522 F.3d at 192, quoting In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). In so doing, the court is free to rely on its own familiarity with the prevailing rates in the district. See Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

> To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records. See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998). Next the court looks to "its own familiarity with the case and its experience generally . . . . Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).
>
> \* \* \*
>
> Finally, billing judgment must be factored into the equation. Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36. If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002); accord Hensley v. Eckerhart, supra, 461 U.S. at 434.

5

Plaintiff seeks a total of $16,029.30 in fees and $688.48 in costs, broken down as follows:

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Brian Molloy | Partner | $600.00 | 4.1 | $2,460.00 |
| Brian Molloy | Partner | $620.00 | 6.7 | $4,154.00 |
| James Tonrey | Partner | $410.00 | 29.7 | $12,177.00 |
| Robert Selvers | Counsel | $335.00 | 0.2 | $67.00 |
| **Total** | | | | $18,858.00 |
| Less 15% Discount | | | | ($2,828.70) |
| **Grand Total** | | | | **$16,029.30** |

The costs are sought for courier services, photocopying, legal research and parking charges and are not in serious dispute.

Reasonable Hourly Rate

As the chart above indicates and applying the 15% "Courtesy Discount" that counsel afforded to plaintiff, plaintiff is seeking fees based on effective hourly rates ranging from $284.75 to $527.00 per hour for the attorneys who worked on this matter.

As noted above, the Second Circuit has adopted a "'forum rule' [which] generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson v.

6

N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011), quoting Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); accord Restivo v. Hessemann, 846 F.3d 547, 590 (2d Cir. 2017), pet. for cert. filed, No. 17-355 (Aug. 31, 2017). In determining a reasonable hourly rate, the Second Circuit also instructed district courts to consider the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 92-93 (1989). Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 522 F.3d at 190. The factors set forth in Johnson are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Although plaintiff's counsel's office is located in Woodbridge, New Jersey, the Second Circuit's forum rule requires me to consider the rates charged in the Southern District of New York in assessing reasonableness.

Plaintiff has provided professional biographies for Messrs. Molloy, Tonrey and Selvers. Mr. Molloy is a seasoned commercial litigator, admitted to practice in 1978. Mr. Tonrey is also a seasoned commercial litigator, first admitted to practice in 1994. In addition to his experience as a practitioner, Mr. Tonrey clerked for both a Bankruptcy Judge and a federal District Judge. Mr. Selvers has 15 years of experience in litigation and was admitted to practice in 2002. Mr. Selvers also clerked for a federal magistrate judge. The only other evidence submitted by plaintiff concerning the reasonableness of the fees charged are the assertions by Messrs. Molloy and Tonrey that the hourly rates sought are consistent with the fees charged by similarly experienced attorneys in New Jersey.

Based on my knowledge of the fees charged in this District and prior fee application approved in this Court, the hourly rates sought by Messrs. Tonrey and Selvers are reasonable. See Nautilus Neurosciences, Inc. v. Fares, 13 Civ. 1078 (SAS), 2014 WL 1492481 at *2 (S.D.N.Y. Apr. 16, 2014) (Scheindlin, D.J.); Barcolitsas v. 86th & 3rd Owner, LLC, 09 Civ. 7158 (PKC),

2013 WL 10620139 at *2 (S.D.N.Y. Apr. 1, 2013) (Castel, D.J.). The rate sought by Mr. Molloy is a slightly different matter. The underlying dispute was very simple. The settlement agreement required the payment of a sum certain by a date certain, and that sum was not paid. Such a simple case was well within the abilities of Mr. Tonrey, as is evidenced by the fact that he did the vast majority of the work on this matter. Although I do not question Mr. Molloy's excellence as an attorney, given the equal skill and ability on the part of Mr. Tonrey, I do not believe that Mr. Molloy's participation added substantial value to plaintiff's representation. Stated differently, on the extremely simple facts in this case, I am confident that the outcome would have been the same had Messrs. Tonrey and Selvers handled the case entirely on their own. See Lesser v. U.S. Bank, N.A., 09-CV-2362 (KAM)(MDG), 2013 WL 1952306 at *11 (E.D.N.Y. May 10, 2013) (reducing rate of senior attorney with more than 40 years of experience who functioned in "of counsel" capacity). Accordingly, I conclude that Mr. Molloy's hourly rate should be reduced to the same rate sought for Mr. Tonrey, namely $348.50 ($410 less 15%) per hour.

Reasonable
Number of Hours

Plaintiff has submitted time records for the attorneys who worked on this matter that set forth the date on which services were performed, the hours spent and the nature of the work performed.

I have reviewed each of the entries in the time records, and I find that the total number of hours for which compensation is sought is reasonable. Plaintiff seeks compensation fo approximately 40 hours of attorney time during which counsel prepared a motion for the entry of judgment based on defendant's default, engaged in settlement discussions with defendant, attended an oral argument before me and prepared the fee application. The total number of attorney hours spent on the matter is reasonable given the number of tasks performed and, therefore, no adjustment to the hours for which compensation is required.

Costs

The amount sought for costs -- $688.48 -- is also reasonable. Approximately 75% of this figure is attributable to Lexis costs.

### Defendant's Arguments

Defendant does not challenge the hourly rate sought by plaintiff nor does it challenge the number of hours for which compensation is sought. Rather, defendant's primary objection is that plaintiff has itself breached the settlement agreement by failing to surrender certain raw materials and all of the finished products for which defendant has paid. Because the parties have stipulated that the Court retains jurisdiction to enforce the settlement agreement, defendant may make a motion for relief based on this ground if it so chooses. Defendant's argument does not, however, provide a basis for challenging the amount of fees plaintiff is entitled to recover.

### Summary

Accordingly, plaintiff is entitled to recover the total sum of $14,171.20 in fees and $688.48 in costs from defendant, calculated as follows:

| Name | Position | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Brian Molloy | Partner | $410.00 | 4.1 | $1,681.00 |
| Brian Molloy | Partner | $410.00 | 6.7 | $2,747.00 |
| James Tonrey | Partner | $410.00 | 29.7 | $12,177.00 |
| Robert Selvers | Counsel | $335.00 | 0.2 | $67.00 |
| **Total** | | | | $16,672.00 |

11

| | |
|---|---:|
| Less 15% Discount | ($2,500.80) |
| **Grand Total** | **$14,171.20** |

IV. <u>Conclusion</u>

For the foregoing reasons, defendant shall pay the total sum of $14,859.68 to plaintiff within thirty (30) days of the date of this Order.

Dated:   New York, New York
        September 28, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record